IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERREL L. YUKI, TRUSTEE OF THE )
WALTER V. REVELL FAMILY TRUST, )   2:12-cv-01428-GEB-JFM
                               )
         Third-Party Plaintiff,)
                               )   ORDER[*]
    v.                         )
                               )
CHEVRON CORPORATION, a Delaware)
Corporation,                   )
                               )
         Third-Party Defendant.)
_____)

Terrel L. Yuki ("Yuki") moves for an order remanding this case to the state court from which it was removed, and for an award of attorneys' fees incurred as a result of improper removal. Chevron Corporation ("Chevron") opposes the motion. Metropolitan Life Insurance Company, which is not a party to Yuki's third-party complaint against Chevron, filed a "Joinder in Third-Party Defendant [Chevron's] Opposition."

"The removal statute is strictly construed against removal jurisdiction." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009) (citation omitted). "The [removing party] bears the burden of establishing that removal is proper." Id. (citation omitted).

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

1  Chevron argues in its removal notice that it "hereby removes
2 to this Court the state court action described [as] . . . a third-party
3 complaint . . . filed in an action in the Superior Court of California,
4 County of Butte, entitled <u>In re Walter and Myrtis Revell Revocable</u>
5 <u>Trust</u>, Case No. PR-40074." (Removal Notice 1:3-6; Removal Notice Ex. A
6 (containing Yuki's third-party complaint).) Chevron further argues
7 "removal is proper" since "Yuki . . . asserts a cause of action for
8 negligence against [Chevron] based upon [Chevron's] ERISA plan
9 administration misconduct," and Yuki's negligence claim is preempted by
10 ERISA. <u>Id.</u> 1:17-19, 2:14-16 & 2:27.

11  However, the removal statute prescribes:

> Except as otherwise expressly provided by Act of
> Congress, any civil *action* brought in a State court
> of which the district courts of the United States
> have original jurisdiction, may be removed by the
> defendant . . . to the district court . . . .

15 28 U.S.C. § 1441(a) (emphasis added). Here, Chevron removed Yuki's
16 third-party complaint from the Butte County Superior Court action. (<u>See</u>
17 Removal Notice Ex. A (containing only Yuki's cross-complaint).) Since
18 Chevron did not remove the "action" from state court, Chevron has not
19 demonstrated that § 1441(a) authorized its removal.

20  In addition, "[o]nly 'true' defendants—as opposed to
21 cross-defendants, counterdefendants, or third-party defendants—have the
22 right to remove an action from state to federal court." <u>Fed. Nat'l</u>
23 <u>Mortg. Ass'n v. Barbuti</u>, No. 2:12-cv-101, 2012 WL 1378648, at *2 (D.
24 Nev. Apr. 20, 2012) (citing <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S.
25 100, 104-05 (1941); <u>see</u> <u>Westwood Apex v. Contreras</u>, 644 F.3d 799, 805
26 (9th Cir. 2011) ("[T]he <u>Shamrock Oil</u> rule[, under which plaintiffs who
27 become counter-defendants cannot remove an action] has been extended to
28 preclude removal by third-party defendants to an action."). Here,

1  Chevron argues in its opposition brief that the initial complaint "was
2  filed in the Butte County Superior Court by Myrtis P. Revell against
3  Yuki and Metropolitan Life Insurance Company[, and] . . . third-party
4  plaintiff Yuki [subsequently] filed her complaint against Chevron[.]"
5  (Cross-Def.'s Opp'n 2:12-14.) Since Chevron's arguments demonstrate it
6  is not a "true defendant," Chevron has not demonstrated it had the right
7  to remove Yuki's third-party complaint.

8  Yuki also seeks attorneys' fees under 28 U.S.C. § 1447(c)
9  since "Chevron . . . should have known that removal was not
10 supportable[.]" (Mot. 11:10-11.) However, "[w]hen a party seeks an award
11 of attorneys' fees, that party bears the burden of submitting evidence
12 of the hours worked and the rate paid." Carson v. Billings Police Dep't,
13 470 F.3d 889, 891 (9th Cir. 2006). Here, Yuki did not submit any
14 evidence concerning the attorneys' fees she seeks. Therefore, her
15 request is denied.

16 For the stated reasons, the third-party complaint is remanded
17 to the Butte County Superior Court from which it was removed, and the
18 Clerk of the Court shall close this action.

Dated: July 20, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

3